FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 15, 2018

SEAN F. McAVOY, CLERK

*AUSA Assigned:* SAV

*County of Investigation: Franklin*

*In Re: Criminal Complaint for REYNALDO PEREZ MUNOZ, BRAULIO JIMENEZ and VICTOR JIMENEZ.*

## AFFIDAVIT

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| | ) ss |
| Franklin County | ) |

I, Brett D. Grover, a Special Agent with the Federal Bureau of Investigation, being duly sworn, deposes and states:

## INTRODUCTION

1. I Brett D. Grover, Special Agent (SA) for the Federal Bureau of Investigation (FBI), am currently assigned to the Seattle Field Division, Tri-Cities Resident Agency. I have been employed as a SA with the FBI since June 2009. I have received basic federal law enforcement training, including the training at the FBI academy, as well as other specialized federal law enforcement training. I have participated in the investigation of numerous national security matters and criminal matters. I have used many investigative techniques in furtherance of such investigations. I have interviewed and operated informants, conducted numerous searches and interviews, and have conducted physical and electronic surveillance.

Affidavit of Brett D. Grover - 1

2.     In my experience as a law enforcement officer, I have assisted in investigations, which have resulted in the issuance and execution of search warrants resulting in the seizure of evidence, and the arrest and convictions of individuals.

3.     Additionally, I have assisted in criminal investigations involving drug trafficking.  Through this participation, I have gained an understanding of the manner in which controlled substances are manufactured, and/or distributed, and the various roles members of such organizations serve in furtherance of the organization's drug trafficking and money laundering activities.

4.     Your Affiant has knowledge of the following information based on his own observations and investigation as well as information that he has learned from other law enforcement officers, to include but not limited to, verbal discussions with other law enforcement officers named in this Affidavit.  Your Affiant has reviewed probable cause affidavits for search warrants signed in the Eastern District of Washington directly related to the probable cause contained herein, talked with officers involved in this investigation, and reviewed reports by other officers. Because this affidavit is being submitted solely for establishing probable cause to obtain warrants, your affiant has not included each and every fact known to your affiant concerning this investigation.  Your affiant has only set forth facts

Affidavit of Brett D. Grover - 2

necessary to support the authorization of the requested arrest warrants and criminal complaint.

## BACKGROUND

5.   The Cross Border Violence Task Force (CBVTF) initiated an investigation on the money laundering operations of a criminal enterprise based in Culiacan, Sinaloa, Mexico and operating throughout the United States and engaged in violations of federal criminal laws, including, but not limited to, conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h); the distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1); use of a communication facility in the commission of controlled substances trafficking offenses, in violation of 21 U.S.C. § 843(b); and conspiracy to commit controlled substances trafficking offenses, in violation of 21 U.S.C. § 846 ("the Target Offenses").

6.   In September 2015, an FBI Confidential Human Source ("CHS-1") began providing information to the FBI leading to the identification of a criminal enterprise based in Culiacan, the capital of the State of Sinaloa, Mexico, and operating throughout the United States.  Later, the CBVTF initiated an undercover operation targeting the criminal enterprise based in Culiacan, Mexico to include the introduction of undercover agents posing as employees (hereafter referred to as UCE's).  A member of the criminal enterprise (hereafter referred as Target 1)

Affidavit of Brett D. Grover - 3

stated in conversations with the first UCE introduced into the organization (hereafter UCE-1) that the source of the bulk cash that he/she contracts to pick up is from the sale of illicit narcotics.  Target 1 has communicated with UCE-1 and a second UCE (hereinafter UCE-2) regarding the movement of bulk cash drug proceeds.

7. Information provided by CBVTF investigators to your affiant and other law enforcement officers revealed that in mid-December 2017, Target 1 contacted UCE-2 by telephone to initiate the pickup of more than $300,000 of narcotics proceeds located in Washington State.

8. In December, 2017, an individual subsequently identified as Reynaldo Perez MUNOZ (hereinafter referred to as MUNOZ) met with UCE-2 in Pasco, WA.  The meeting was under constant surveillance by members of the EWVGSSTF.  As part of the meet, a bag containing United States currency was transferred from MUNOZ to UCE-2.  The currency, was determined to be more than $300,000 in bulk cash drug proceeds.  Following the meeting, UCE-2 positively identified MUNOZ as the individual who delivered the currency by comparison to a Washington State Department of Licensing photograph.

9. In January 2018, Target 1 again contacted UCE-2 to pick-up bulk cash drug proceeds in Pasco, WA.  MUNOZ told UCE-2 that he was sending someone else, later identified as BRAULIO JIMENEZ (hereafter referred to as JIMENEZ).

Affidavit of Brett D. Grover - 4

In January 2018, JIMENEZ met with UCE-2 and transferred a bag containing United States currency. The currency was determined to be more than $500,000 of cash drug proceeds. The meeting was under constant surveillance by the EWVGSSTF and JIMENEZ was under constant surveillance until he returned to his residence, later identified as **RA2**.

10. Target 1 again arranged for another bulk cash drug proceed drop with UCE-2 in early February 2018. This bulk cash delivery was also arranged through communications with MUNOZ. Through MUNOZ and Target 1, UCE-2 was advised that JIMENEZ would again be the one to do the delivery. Surveillance was placed at JIMENEZ's residence prior to the cash drop. JIMENEZ was observed exiting his residence (**RA2**) carrying a duffel bag. JIMENEZ was under constant surveillance by EWVGSSTF until he met with a CHS (CHS-2) posing as an employee of UCE-2 at a predetermined location in Pasco, WA. JIMENEZ met CHS-2 and transferred a bag containing United States currency to CHS-2. The currency was determined to be more than $250,000 of bulk cash drug proceeds. Following the meet with CHS-2, JIMENEZ was under constant surveillance until he returned to his residence (**RA2**).

11. As a result of this information, and additional information obtained during the course of the investigation, on February 13, 2017, the Honorable Mary K. Dimke, Magistrate District Judge for the Eastern District of Washington, signed

Affidavit of Brett D. Grover - 5

multiple search warrants to include warrants authorizing the search of the residential address 1703 N. 17th Ave., Pasco, WA (residential address of MUNOZ, **RA1**) (4:18-mj-07039-MKD) and search warrant for residential address 4008 Coachella Ct., Pasco, WA (residential address of JIMENEZ, **RA2**) (4:18-mj-07040-MKD).

12. On February 14, 2018, members of the EWVGSSTF and other law enforcement officers executed the aforementioned warrants. Upon approach of **RA2** by law enforcement officers, JIMENEZ fled the residence into the back yard and was subsequently detained. As officers made entry into the residence, Victor Jimenez, hereafter referred to as VICTOR, was observed exiting the area of master bedroom when police entered. Two females and a child were also located in the residence to include JIMENEZ's sister and wife. They were identified to have come out of the other identified bedrooms[1].

13. As part of the search warrant, law enforcement officers located several bags in the crawl space of **RA2**. The crawl space was accessed through the master bedroom closet, the identified bedroom of VICTOR. Dominion paperwork in the name of Victor Jimenez was also located in the master bedroom to include an expired driver's license/identification card belonging to VICTOR with his

---

[1] There were also two dogs present, one was a pit bull named "Kilo."

Affidavit of Brett D. Grover - 6

picture[2]. The bags located in the crawl space included the following: a bag of bulk United States currency estimated to be more than $100,000, a bag containing 4 hand guns, a bag containing 10 bricks of suspected narcotics, a bag with 11 sealed packages of suspected narcotics, and a bag with 16 sealed packages of suspected narcotics. A field screening test was conducted on a brick which resulted in a presumptive positive result for cocaine. The bricks appeared to be approximately one kilogram each. A field screening test was also conducted on one of the sealed packages which resulted in a presumptive positive result for methamphetamine. The packages appeared to be a pound or more of methamphetamine each. Total weight of the suspected narcotics found in the crawl space of **RA2** was estimated to be more the 60 pounds. Upon review of quantity of narcotics seized and your affiant's training and experience, the amount of methamphetamine seized is believed to be more than 500 grams of a mixture or substance and over 50 grams of actual or pure methamphetamine.

14. Also found in the master bedroom of **RA2** was an AR style rifle near the entrance to the room. The rifle was found to have bullets in the magazine loaded into the rifle.

---

[2] It should be noted that the father's name is also Victor Jimenez.

Affidavit of Brett D. Grover - 7

15. In a separate bedroom identified as belonging to JIMENEZ and his wife, law enforcement located and seized a Kimber handgun inside a bin of children's toys. The handgun was found with a loaded magazine containing bullets. In a third bedroom, a .22 caliber rifle was found. The rifle was found not to contain any bullets. In addition to those items, three drug/cash ledgers, additional bulk currency, a scale and packaging materials were also found in multiple locations throughout **RA2.** One of the identified drug/cash ledgers was located in the kitchen and two in JIMENEZ'S identified bedroom. Moreover, law enforcement seized more than 10 cellular telephones that were located throughout **RA2**. A subsequent search warrant will be sought for these cellular phones.

16. During the search of the residence, law enforcement officers attempted to interview JIMENEZ. JIMENEZ was read his advice of rights directly from FD-395. JIMENEZ invoked his right to an attorney and indicated that he did not want to talk to investigators. When JIMENEZ was being escorted from the residence, he asked if his sister was being arrested and indicated that she did not have anything to do with the current situation.

17. Also during the search of the residence, law enforcement officers interviewed VICTOR. VICTOR was read his advice of rights directly from form FD-395. VICTOR signed form FD-395 and indicated his willingness to talk to investigators without an attorney present. VICTOR indicated that he slept and

Affidavit of Brett D. Grover - 8

resided in the master bedroom but on occasion slept in other areas of the house. VICTOR explained that sometimes his parents would also stay in the house. VICTOR indicated that he knows his brother, JIMENEZ, to be a user of cocaine. He also affirmed that JIMENEZ was involved in narcotics trafficking but indicated he did not pay attention to JIMENEZ's actions because he did not want to know what he was doing. VICTOR stated he was aware of the crawl space and accessed it within the last month to facilitate the placement of rat traps. He however denied knowing about the drugs and money contained in the crawl space and denied being involved in drug trafficking.

18. Based upon a review of VICTOR'S driver's record, he has listed **RA2** as his residence since at least October 2017. Your affiant further identified that VICTOR has had a vehicle registered in his name at **RA2** since 2014. Currently, the registration for this vehicle is expired. This time period encompasses the entirety of this investigation to include the bulk cash money deliveries involving JIMENEZ while utilizing **RA2**.

19. On that same date, a search warrant was also executed at 1703 N. 17th Ave., Pasco, WA (the identified residence of MUNOZ**, RA1**) by members of the EWVGSSTF and other law enforcement officers. MUNOZ was located at the residence along with his wife and children. During the search of **RA1**, law enforcement officers located multiple pages of what was identified as drug/cash

Affidavit of Brett D. Grover - 9

ledgers, very similar to those located at **RA2**.  Some of the drug/cash ledger pages were located in the bedroom that MUNOZ indicated belonged to him.  Other drug/cash ledger pages were located in a separate bedroom of **RA1** that was occupied by MUNOZ's daughters.  Also found in Munoz's bedroom, was a .22 caliber rifle that did not contain any ammunition.  Two gun boxes, not containing the firearms, were located in the attic of **RA1**.  Receipts for these firearm purchases were also located in the boxes.  Review of the serial numbers on the receipts found in MUNOZ's residence revealed that they matched the serial numbers of the two handguns found at **RA2** located in the crawlspace.  Moreover, more than four cellular phones were located and seized throughout **RA1.**  A subsequent search warrant will be sought for these cellular phones.

## CONCLUSION

20.     Based upon the above facts, your Affiant believes probable cause exists to charge Reynaldo Perez Munoz, date of birth 01/05/19XX and Braulio Jimenez, date of birth 09/25/19XX with Conspiracy to Possess with the Intent to Distribute and the Distribution of 50 grams or more of actual methamphetamine and more than 5 kilograms of cocaine based not only on their coordination and delivery of hundreds of thousands of dollars in bulk cash drug proceeds but also based upon the evidence located at the time of the search warrants.  Your affiant

Affidavit of Brett D. Grover - 10

further believes that probable cause exists to charge Braulio Jimenez and Victor Jimenez, date of birth 02/25/19XX with Possession with the Intent to Distribute 50 grams or more of Actual methamphetamine, based upon the evidence located and seized during the search warrants.

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

_____
Brett D. Grover, Special Agent
Federal Bureau of Investigation

Sworn to telephonically and signed electronically this _____ 15th day of February, 2018.

_____
Honorable Mary K. Dimke
United States Magistrate Judge